CASE 39—ACTION ON AN ACCIDENT POLICY—OCT. 24.

# Railway Officials, &c., Assn. v. Johnson,

### APPEAL FROM HOPKINS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

ACCIDENT INSURANCE—DEATH FROM SUNSTROKE.

Held:   Though an accident policy provides that it shall extend only to injury or death from "external, violent, and accidental means," and not to injuries or death caused or contributed to by disease, the company is liable for the full amount of the policy where insured dies from sunstroke received in the line of his duty as a railroad employe, though the policy expressly provided that the company should be liable for only one-fourth of the amount of the policy where the disability or death of insured was caused or contributed to by sunstroke while not in the line of his duty as railroad employe.

GORDON & GORDON AND M. K. GORDON FOR APPELLANT.

### SYNOPSIS.

1. This is an accident insurance policy, and does not cover death caused solely by disease.
2. As matter of law, sunstroke by itself, unaccompanied with accidental circumstances, is a disease.
3. The only insurance in this case is against injury or death *caused* or *contributed* to by *sunstroke*.

Railway Officials, &c., Assn. v. Johnson.

4. The pleadings do not allege an accidental sunstroke, nor any injury caused by sunstroke, nor that any mark or contusion appeared on the body of deceased; they allege that death was caused solely by sunstroke, solely by disease.

5. Only those facts well pleaded are admitted as true on demurrer, and conclusions of law are not.

## AUTHORITIES.

Norman, Auditor, v. Ky. Board of Managers, &c., 93 Ky. Rep., 547; Boos v. World Mutual Life Insurance Co., 6 Thomp. & C., 364; Dozier v. Fidelity & Casualty Company, 43 Fed. Rep., 13 L. R. A., 114, and cases cited.

SUPPLEMENTAL BRIEF BY APPELLANT.

## SYNOPSIS.

1. The authority of the cases of F. & C. Co. v. Dozier, 13 L. R. A., 114, and of Sinclair v. Association, cited therein can not be disputed.

2. This court does not judicially know the names and works of medical writers, and can not consider dicta in their works on this appeal, as those works were not in evidence below.

3. But the court may notice facts of common knowledge, as the fact that sunstroke, or apoplexy is a disease.   See page 1.

4. Although a result may not be designed or foreseen, yet if it be the natural and direct effect of acts voluntarily done, or conditions voluntarily assumed, it can not be said to be accidental. Page 2.

5. Conclusions of the pleader are not admitted as true on demurrer; an allegation "that death was the result of accident by violent, external and accidental means," is not, we submit, such an allegation of fact as to be taken as true on demurrer.   Page 4.

## AUTHORITIES.

Boos v. World Mut. L. Ins. Co., 6 Thomp. & C. (N. Y.) ; Feder v. Io. S. T. M. As'n. (Iowa), 43 L. R. A., 693, and cases there cited; Lovelace v. T. P. A., 126 Mo., 104; W. C. T. Assn. v. Smith, 56 U. S. App., 393; Bentley v. Bustard, 16 B. Monroe, p. 686.

C. J. WADDELL, ROY SALMON AND A. WADDELL, ATTORNEYS FOR APPELLEE.

(No briefs in record.)

Railway Officials, &c., Assn. v. Johnson.

Opinion of the court by JUDGE WHITE—Affirming.

This is an action on a policy of insurance. After a demurrer to the petition, as amended, had been overruled, appellant declining to plead further, judgment was rendered for appellee as by default, and hence this appeal.

The petition, as amended, alleges a contract of insurance and death of the insured, which was caused, as is alleged, "solely by reason of and through sunstroke while in discharge of his duty as section man and in line of his duty as railroad employe, and that such death was external, violent, and accidental, within the meaning of the policy, and was covered by its terms." The provisions of the policy bearing on the question read: "The insurance under this policy shall extend only to physical bodily injury resulting in disability or death, as hereinafter expressed, and which shall be effected while this contract is in force, solely by reason of and through external, violent and accidental means, within the terms and conditions of this contract, and which shall independently of all other causes, immediately, wholly, totally and continuously from the date of the accident causing the injury disable the insured, and prevent him from doing or performing any work, labor, business or service or any part thereof, within the conditions of this contract. . . . If any injury causing disability or death entitling the insured to claim benefits under the provisions of this policy be caused or contributed to . . . by sunstroke or freezing while not in the line of his duty as a railroad employe, . . . then, in such case, the limit of the association's liability shall be one-fourth of the sum otherwise payable, anything to the contrary herein notwithstanding. . . . Injuries intentionally inflicted by the insured, . . . or injuries or death caused or contributed to by disease or

Railway Officials, &c., Assn. v. Johnson.

infection. . . . are not covered by this policy." It is insisted by counsel for appellant that death caused solely by sunstroke while in the discharge of duty is not covered by the policy; that this is not external, violent, or accidental injury, but is death by reason of disease; and that, therefore, there can be no recovery. If we were to go to the adjudicated cases on this subject, or to reason the case out, much might be said the one way or the other. But we are not left to an interpretation of this policy as to death caused by sunstroke, as to whether it is considered accidental. The policy itself, after providing that injury or death caused or contributed to by disease or infection is not covered by the policy, expressly provides that disability or death caused by or contributed to by sunstroke or freezing while not in the line of his duty as railroad employe shall reduce the liability to one-fourth. There is, then, an express liability where death is caused by sunstroke. If the sunstroke occurs while insured is not in the line of his duty, the liability is one-fourth. This certainly means if the sunstroke be received while in the discharge of his duty there would be full liability. The lower court, being of this opinion, properly, we think, overruled the demurrer. Judgment affirmed, with damages.